IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
SEP - 8 2005

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 1:05CR195-T |
| | ) [18 USC 922(g)(1)] |
| MICKEY LEE MOODY | ) |
| | ) INDICTMENT |

The Grand Jury charges:

## COUNT 1

That on or about March 28, 2005, in Geneva County, within the Middle District of Alabama,

MICKEY LEE MOODY,

defendant herein, having been convicted on August 21, 2001, in the Circuit Court of Covington County, Alabama, under Case Number CC-2001-124 of two counts of Unlawful Possession of a Controlled Substance, both crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, knowingly did possess, in and affecting commerce, a firearm and ammunition, that is: a Davis Industries, Model D-32, .32 semi-automatic pistol, serial number 100873, all in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A.  Count 1 of this indictment is hereby repeated and incorporated herein by reference.

B.  Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment, the defendant,

MICKEY LEE MOODY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), the firearm and ammunition involved in the commission of this

offense, including but not limited to the following:

    1 - a Davis Industries, Model D-32, .32 semi-automatic pistol, serial number 100873.

C.     If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred, sold to, or deposited with a third person;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or,

(5)    has been commingled with other property which cannot be divided without

difficulty; the court shall pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), order the forfeiture of any other property of the defendant up to the value of any property described in paragraph B above. All in violation of Title 18, United States Code, Sections 922(g) and 924(d).

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
United States Attorney

_____
LOUIS V. FRANKLIN, SR.
Assistant United States Attorney

2