IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:05CR195-LSC |
| | ) | |
| MICKEY LEE MOODY | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby files this Response to Defendant's Motion to Suppress. In support of this motion, the Government offers the following:

1. On or about March 28, 2005, Deputies from the Geneva County and Covington County Sheriffs' Offices were looking for Charles Pierce and other escapees from the Covington County Jail. Deputy Sheriff Ray Mock of the Geneva County Sheriff's Office had received information that Mr. Pierce had been in contact and was possibly staying with his family members on Tin Top Road in rural Geneva County. Tin Top Road is a short dirt road, approximately 2.5 miles in length, and has few houses on it. The Defendant, Mickey Moody, also lives on Tin Top Road and is a known associate of the Pierce family. Both Pierce and Moody have a history of methamphetamine production.

2. As the sheriffs' offices were conducting surveillance of the traffic going into Tin Top Road, Mr. Moody approached in his car and told one of the deputies, Greg Jackson, that he needed to see Deputy Sheriff Ray Mock.  Deputy Jackson radioed this information to Deputy Mock, who arrived within a minute of receiving the call.

3. Deputy Mock walked up to Moody's car and immediately noticed the odor of marijuana coming from inside the car. Deputy Mock told Mr. Moody he would like to talk to

him. Mr. Moody responded he would like to talk to Deputy Mock, too. Deputy Mock then asked Moody to step out of the car to talk with him.

4. When Moody stepped out of the car, Deputy Mock immediately noticed a handgun on the right side of Mr. Moody's belt. Because Deputy Mock knew that Moody was a convicted felon and was not allowed to possess a firearm, he placed Mr. Moody under arrest for the firearms charge. A search of Mr. Moody's person and car revealed drug paraphernalia and marijuana.

5. At Moody's request, Deputies drove Moody's car to his home instead of calling a tow truck. When they arrived at Moody's home, two white males fled an automobile parked on Moody's yard. A subsequent consent search of Moody's barn revealed a laboratory for manufacturing methamphetamine.

<u>**Argument and Citation of Authority**</u>

**1. The Court should deny the Defendant's Motion to Suppress because Deputy Brock observed the firearm in plain view during a consensual encounter.**

A. *The "stop" of Moody's automobile.*

The Government expects the evidence to show that Mr. Moody's car was not stopped, but instead will show that Moody approached the officers to speak with them. Because the initial encounter was consensual, there was no seizure within the meaning of the 4th Amendment, and the results of this encounter should not be suppressed.

B. *The seizure of the handgun from Mr. Moody's person.*

Because the handgun was in plain view on Mr. Moody's person, there is no "search" and the seizure of the handgun was reasonable in light of the officer's knowledge of Mr. Moody's status as a convicted felon. <u>See</u> *Horton v. California*, 496 U.S. 128 (1990); *Minnesota v.*

*Dickerson*, 508 U.S. 366 (1993).

Even if the handgun were not in plain view, the odor of marijuana coming from the vehicle established a right to search the car, and would have led to the eventual discovery of the marijuana seized, and the handgun on Mr. Moody's person. See *Nix v. Williams*, 467 U.S. 431 (1984); *United States v. Hernandez-Cano*, 808 F.2d 779 (11th Cir. 1987), denying defendants' motions to suppress where police can demonstrate an independent source that would have led to the eventual discovery of the subject evidence.

C. *The search of Mr. Moody's person and automobile incident to his arrest.*

Subsequent to his arrest, Deputies conducted a search of Mr. Moody's person and automobile. Because the Deputies did not conduct the search of Mr. Moody's person or vehicle until he had been placed under arrest, the search is lawful and the motion to suppress should be denied. See *South Dakota v. Opperman*, 428 U.S. 364 (1977), and *Sammons v. Taylor*, 967 F. 2d 1533 (11th Cir. 1992), upholding the search of an arrestee's car incident to arrest. See also *Chimel v. California*, 395 U.S. 752 (1969) and *United States v. Rosenthal*, 793 F. 2d 1214 (11th Cir. 1986), upholding the search of an arrestee's person incident to arrest.

Based on the foregoing, the Government respectfully requests that this court conduct a hearing and deny the Defendant's Motion to Suppress.

Respectfully submitted this the 13th day of March, 2006.

                                           LEURA G. CANARY
                                         UNITED STATES ATTORNEY

                                         /s/K. David Cooke, Jr.
                                         K. DAVID COOKE, JR.
                                         Assistant United States Attorney
                                         One Court Square, Suite 201
                                         Montgomery, AL 36104
                                         Phone: (334) 223-7280
                                         FAX: (334) 223-7135
                                         E-mail: david.cooke@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CR. NO. **1:05cr195-LSC** |
| | ) | |
| **MICKEY LEE MOODY** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Maryanne Prince, Esq.

Respectfully submitted,

/s/K. David Cooke, Jr.
K. DAVID COOKE, JR.
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: david.cooke@usdoj.gov