[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                                              FILED
                                         U.S. COURT OF APPEALS
                                          ELEVENTH CIRCUIT
         No. 06-15114                      FEBRUARY 9, 2007
      Non-Argument Calendar              THOMAS K. KAHN
                                               CLERK
```

D. C. Docket No. 05-00195-CR-C-S

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

MICKEY LEE MOODY,

                                                    Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

(February 9, 2007)

Before BIRCH, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Mickey Lee Moody appeals his 180-month sentence for possession of a firearm by convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Moody argues that the district court erred by treating a 1982 conviction for third-

degree burglary of a drug store as a qualifying conviction for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). After careful review, we affirm.

A person convicted of a crime punishable by a term of imprisonment exceeding one year is prohibited from possessing a firearm in or affecting commerce. See 18 U.S.C. § 922(g)(1). A defendant convicted under § 922(g)(1) is subject to the sentence-enhancement provision of the ACCA, 18 U.S.C. § 924(e), which provides, inter alia, the following:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years. . . .
>
> . . .
>
> (2)(B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (ii) is burglary . . . .

18 U.S.C. § 924(e)(1), (e)(2)(B). We review de novo whether a particular conviction is a violent felony for purposes of § 924(e) and the ACCA. See United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006).

The offense of burglary, in the context of § 924(e), does not depend on the definition adopted by the state where the person was convicted. See Taylor v.

United States, 495 U.S. 575, 590 (1990). Moreover, burglary for § 924 purposes is not limited to the common-law definition. Id. at 593-96. Rather, "a person has been convicted of a burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599 (emphasis added).

In determining whether a crime qualifies as a burglary, the district court should "look only to the fact of conviction and the statutory definition of the prior offense." Id. at 602. Applying Taylor, we have held that "a district court only may inquire into the conduct surrounding a conviction if ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself." United States v. Spell, 44 F.3d 936, 939 (11th Cir. 1995). Thus, where the state statute defines burglary as unlawfully entering a structure or a conveyance, a court would not be able to determine, based solely on the judgment, if a person was convicted of burglary of a structure or of a conveyance. Day, 465 F.3d at 1266. Because burglary of a conveyance is not a "generic burglary" as defined in Taylor, a court may need to look at the underlying conduct in order to determine whether the conviction was a qualifying conviction. Id.

Here, the Alabama statute, under which Moody was convicted in 1982, is

3

unambiguous. It defines third-degree burglary as "knowingly enter[ing] or remain[ing] unlawfully in a <u>building</u> with intent to commit a crime." Ala. Code § 13A-7-7 (emphasis added). Simply put, because the statutory language unambiguously includes the elements of "generic burglary," as outlined in <u>Taylor</u>, and provides for a term of imprisonment greater than one year, it is a qualifying offense under § 924(e). Accordingly, the district court did not err by sentencing Moody in compliance with § 924(e).

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia